**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  6:19-CV-03021-MDH** |
| | ) | |
| **JEFFREY HONIE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Petition to Determine Present Mental Condition of an Imprisoned Person (Doc. 1) was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The United States Magistrate Judge has completed his preliminary review of the Petition for Determination of Defendant's mental condition and has submitted a Report and Recommendation.  (Doc. 11). The Magistrate Judge found clear and convincing evidence that Defendant suffers from a mental disease or defect and that, if released, he would create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, the Magistrate Judge recommended the Defendant be committed pursuant to 18 U.S.C. § 4246.

Defendant has filed exceptions to the report and recommendation of the Magistrate Judge in which he submits that there is no sufficiently clear and convincing evidence to commit Defendant under 18 U.S.C. § 4246. (Doc. 12). Defendant's basis for this statement is his own testimony as to his mental state and medication compliance. *Id.*at 1. Defendant states that the

evidence is insufficient to clearly and convincingly establish that he is presently suffering from a mental disease or defect that warrants commitment under 18 U.S.C. § 4246. *Id* at 2.

After careful review of the entire record before the Court, the Court adopts the findings and recommendation of the Magistrate Judge at this time. The Risk Assessment Panel concluded that Defendant suffers from a mental defect, specifically, Intellectual Disability and Fetal Alcohol Syndrome. (Doc. 1-2 at 17). Independent psychological examiner Dr. Richart L. DeMier, Ph.D, ABPP also concluded that Defendant suffers from an intellectual disability of moderate severity that impacted his intellect and behavioral controls, has limited insight into his own condition, and lacks the social skills to pursue appropriate relationships with adults. (Doc. 7 at 6-7). Every evaluating expert, including the three members of the Risk Assessment Panel and Dr. DeMier, concluded that Defendant suffers from a mental disease as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and thus meets the criteria for civil commitment under 18 U.S.C. § 4246. (Doc. 1-2 at 17, Doc. 7 at 7).

Defendant, in his exceptions to the Magistrate Judge's Report and Recommendation, points to Defendant's testimony at the evidentiary hearing held on April 23, 2019 (Doc. 10) that he does not believe he has a mental illness or has even been diagnosed with one, that he is voluntarily taking his medications and has done so for about a year, and that he would not be a danger to other people or property if released. None of these statements give the Court any legitimate reason to doubt the conclusions of the examining medical professionals or the recommendation of the Magistrate Judge.

The Court agrees with the reasoning of the Magistrate Judge and accordingly finds by clear and convincing evidence that commitment under the provisions of 18 U.S.C. § 4246 is appropriate.

It is **THEREFORE ORDERED** that Defendant's exceptions filed herein (Doc. 12) are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 11) is **ADOPTED.**

It is **FURTHER ORDERED** that Defendant be, and is hereby, committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4246 for hospitalization and treatment in a suitable facility until he is no longer in need of such custody for care or treatment in such a facility.

**IT IS SO ORDERED.**

DATED: May 28, 2019

  /s/ Douglas Harpool_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**